United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC. ) ) Plaintiff, ) ) v. ) ) XUANLAN NGUYEN, individually and d/b/a ) BRITANNIA ARMS OF CAPITOLA; and ) BRITANNIA ARMS PUB & RESTAURANT, ) INC., an unknown business entity d/b/a ) BRITANNIA ARMS OF CAPITOLA, ) ) Defendants. ) ) | Case No.: 13-CV-02008-LHK<br><br>ORDER DENYING MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND ANTI-SLAPP MOTION TO STRIKE |

Plaintiff J&J Productions, Inc. ("Plaintiff") brings this lawsuit against Xuanlan Nguyen ("Nguyen") and Britannia Arms Pub & Restaurant, Inc. (collectively, "Defendants") alleging that Defendants, without authorization, unlawfully intercepted and displayed a televised fight for which Plaintiff was the exclusive commercial domestic distributor. ECF No. 1 (Complaint, hereinafter "Compl."). Before the Court are Defendants' various motions: (1) Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6), 12(b)(7), and 19(a)(1)(B); (2) Motion for a More Definite Statement Pursuant to FRCP 12(e); (3) Motion to Strike Portions of the complaint pursuant to FRCP 12(f); and (4) Motion to Strike State Law Claims pursuant to California's Anti-

SLAPP statute. *See* ECF No. 10 ("Mot."). Having considered the submissions of the parties, the relevant case law, and the record in this case, the Court hereby (1) DENIES Defendants' Motion to Dismiss; (2) DENIES Defendants' Motion for a More Definite Statement; (3) DENIES Defendants' Motion to Strike; and (4) DENIES Defendants' Motion to Strike State Law Claims pursuant to California's Anti-SLAPP statute.

## I.   FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff is a sports and entertainment programming distributor. Compl. ¶ 16. Plaintiff alleges that it secured the exclusive nationwide commercial distribution rights to broadcast the "Floyd Mayweather, Jr. v. Miguel Cotto, WBA Super World Light Middleweight Championship Fight Program" (the "Program"), which telecast nationwide on May 5, 2012. *Id.* Pursuant to these rights, Plaintiff entered into sub-licensing agreements with various commercial entities throughout the United States, wherein Plaintiff granted limited public exhibition rights to these entities in exchange for licensing fees. *Id.* ¶ 17.

Defendant Xuanlan Nguyen ("Nguyen") is an officer of Defendant Brittania Arms Pub & Restaurant, Inc. *Id.* ¶ 7.[1] Britannia Arms Pub & Restaurant, Inc. owns and operates the commercial establishment Britannia Arms of Capitola. *Id.* Plaintiff alleges that Nguyen directed the employees of Britannia Arms of Capitola to unlawfully intercept and broadcast the Program at Britannia Arms of Capitola. *Id.* ¶ 11. Plaintiff alleges that, on May 5, 2012, Defendants unlawfully intercepted and exhibited the Program at their commercial establishment, Brittania Arms of Capitola, without Plaintiff's authorization. *Id.* ¶¶ 9-12, 19. The unlawful broadcast of the Program increased profits for Britannia Arms of Capitola. *Id.* ¶ 14.

On May 1, 2013, Plaintiff filed a complaint against Defendants for: (1) violation of the Federal Communications Act of 1934, as amended, 47 U.S.C. §§ 605, *et seq.*; (2) violation of the Cable Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. §§ 553, *et seq.*; (3) conversion; and (4) violation of California Business and Professions Code §§ 17200, *et seq*. *See* Compl. On July 8, 2013, Defendants filed the following motions in response to

---

[1] Defendants' Motion to Dismiss states that Nguyen is the President and CEO of Brittania Arms Pub & Restaurant, but the complaint does not indicate whether this is the case. Mot. at 3.

2
Case No.: 13-CV-02008-LHK
ORDER DENYING MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND ANTI-SLAPP MOTION TO STRIKE

1  the complaint: (1) Motion to Dismiss pursuant to Federal Rules of Civil Procedure ("FRCP")

2  12(b)(6), 12(b)(7), and 19(a)(1)(B); (2) Motion for a More Definite Statement pursuant to FRCP

3  12(e); (3) Motion to Strike Portions of the complaint pursuant to FRCP 12(f); and (4) Motion to

4  Strike State Law Claims pursuant to California's Anti-SLAPP statute. *See generally* Mot. Plaintiff

5  filed an opposition brief to all Defendants' motions on July 22, 2013. ECF No. 20. Defendants

6  filed a reply on July 29, 2013. ECF No. 21.

**II.   LEGAL STANDARD**

   **A.   Motion to Dismiss**

      **1.   Rule 12(b)(6)**

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). The Supreme Court has held that Rule 8(a) requires a plaintiff to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (internal quotation marks omitted). For purposes of ruling on a Rule 12(b)(6) motion, a court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

      **2.   Rule 12(b)(7) and Rule 19(a)(1)(B)**

Rule 12(b)(7) of the Federal Rules of Civil Procedure authorizes this Court to dismiss an action if a plaintiff has failed "to join a party under Rule 19." Federal Rule of Civil Procedure 19(a)(1)(B) provides, inter alia, that a person "must be joined as a party" if "that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the

3

person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B). If that required person cannot be joined, then "the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). The Rule 19 inquiry is "fact specific," and the party seeking dismissal has the burden of persuasion. *See Makah Indian Tribe v. Verity*, 910 F.2d 555, 558 (9th Cir. 1990).

### B. Motion for a More Definite Statement Under Rule 12(e)

Under Federal Rule of Civil Procedure 12(e), "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Rule 12(e) motions should be granted only on those "rare occasions" when a complaint is so vague or so ambiguous that a party has insufficient information to prepare its response. *See Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 843 n.1 (9th Cir. 2000). Motions pursuant to Rule 12(e) are generally "viewed with disfavor and are rarely granted[.]" *E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012).

### C. Motion to Strike Under Rule 12(f)

Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *See* Fed. R. Civ. P. 12(f). "Motions to strike are generally disfavored." *Cruz v. Bank of New York Mellon*, No. 12-00846, 2013 U.S. Dist. LEXIS 113575, 2012 WL 2838957, at *2 (N.D. Cal. July 10, 2012) (citation omitted). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"As with motions to dismiss, when ruling on a motion to strike, the Court takes the plaintiff's allegations as true and must liberally construe the complaint in the light most favorable to the plaintiff." *Stearns v. Select Comfort Retail Corp.*, 763 F.Supp.2d 1128, 1140 (N.D. Cal. July 21, 2010) (citation omitted). Motions to strike "are generally disfavored because they are often used as delaying tactics and because of the limited importance of pleadings in federal practice."

1   *Rosales v. Citibank*, 133 F.Supp.2d 1177, 1180 (N.D. Cal. February 14, 2001).  In most cases, a
2   motion to strike should not be granted unless "the matter to be stricken clearly could have no
3   possible bearing on the subject of the litigation." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352
4   F.Supp.2d 1048, 1057 (N.D. Cal. April 19, 2004). Whether to grant a motion to strike lies within
5   the sound discretion of the district court. *See Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970,
6   973 (9th Cir. 2010).

### D.  Motion to Strike Under Anti-SLAPP Statute

"A SLAPP suit—a strategic lawsuit against public participation—seeks to chill or punish a party's exercise of constitutional rights to free speech and to petition the government for redress of grievances." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1055 (2006) (*citing Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1109 n.1 (1999)).  California's legislature enacted Cal. Civ. Proc. Code § 425.16, the anti-SLAPP statute, to provide a procedural remedy allowing courts "to promptly expose and dismiss meritless and harassing claims seeking to chill protected expression." *Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010) (internal quotation marks and citation omitted); *see* Cal Civ. Proc. Code § 425.16(a), (b).  "To encourage 'continued participation in matters of public significance,'" the statute is to be "construed broadly." *Simpson Strong-Tie Co. v. Gore*, 49 Cal. 4th 12, 21 (2010) ((quoting Cal. Civ. Proc. Code § 425.16(a)); *accord Mindys Cosmetics*, 611 F.3d at 595.

The anti-SLAPP statute provides that "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal. Civ. Proc. Code § 425.16(b). A special motion to strike brought under the anti-SLAPP statute involves a two-step analysis. "First, the defendant must make a prima facie showing that the plaintiff's cause of action arises from an act by the defendant in furtherance of the defendant's right of petition or free speech in connection with a public issue." *Simpson Strong-Tie*, 49 Cal. 4th at 21 (internal quotation marks and alterations omitted). Second, if the defendant makes this prima facie showing, then "the cause of

5

1   action shall be stricken unless the plaintiff can establish a probability that the plaintiff will prevail

2   on the claim." *Id.*; *see also Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 261 (9th Cir. 2013)

3   (discussing two-step burden shifting analysis in anti-SLAPP claims).

4         To establish a probability of prevailing on the claim, a plaintiff must "state and substantiate

5   a legally sufficient claim." *Rusheen*, 37 Cal. 4th at 1056 (internal quotation marks and alterations

6   omitted). The plaintiff's burden at step two, however, is a relatively low one. *See Roberts*, 660

7   F.3d at 1163 ("In the anti-SLAPP context, 'probability' is a low bar."). To withstand a special

8   motion to strike, the plaintiff need only show a "minimum level of legal sufficiency and triability,"

9   or "minimal merit." *Mindys Cosmetics*, 611 F.3d at 598 (quoting *Linder v. Thrifty Oil Co.*, 23 Cal.

10  4th 429, 438 n.5 (2000), and *Peregrine Funding, Inc. v. Sheppard Mullin Richter & Hampton LLP*,

11  133 Cal. App. 4th 658, 675 (2005), respectively).

## III. DISCUSSION

### A. Motion to Dismiss for Failure to State a Claim

#### 1. 47 U.S.C. § 605 and 47 U.S.C. § 553

Plaintiff's first claim alleges that Defendants violated 47 U.S.C. § 605, which prohibits the unauthorized interception and publication or use of radio communications, including satellite broadcasts. Compl. ¶¶ 15-24. Plaintiff's second claim alleges that Defendants violated 47 U.S.C. § 553, which prohibits unauthorized interception of cable communications. Compl. ¶¶ 25-29.[2] In their motion, Defendants present four arguments regarding why Plaintiff's allegations fail to state a claim for violations of these statutory sections. The Court addresses each argument in turn, and concludes that none of the arguments are meritorious.

First, Defendants argue that the complaint is "devoid of essential factual allegations to show that there was a violation of the statutes[.]" Mot. at 4. The Court disagrees. To state a claim for a violation of Section 553, a plaintiff must plead that the defendant intercepted or received, or

---

[2] 47 U.S.C. § 605 "prohibits commercial establishments from intercepting and broadcasting to its patrons satellite cable programming." *J & J Sports Prods., Inc. v. Ro,* No. C 09–02860, 2010 U.S. Dist. LEXIS 21425, at *7 (N.D. Cal. Feb. 19, 2010) (internal quotation marks omitted). In contrast, 47 U.S.C. § 533 "prohibits a person from intercepting or receiving or assisting in intercepting or receiving any communications service offered over a cable system." *Id.* at *8 (internal quotation marks omitted).

6

Case No.: 13-CV-02008-LHK
ORDER DENYING MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND ANTI-SLAPP MOTION TO STRIKE

assisted in intercepting or receiving, any communications service offered over a cable system. *See* 47 U.S.C. § 553(a)(1). To state a claim for an alleged violation of Section 605, a plaintiff must plead that the defendant received, assisted in receiving, or transmitted the plaintiff's satellite transmission without authorization. *See DirectTV, Inc. v. Webb*, 545 F.3d 837, 844 (9th Cir. 2008). Plaintiff's complaint includes sufficient factual allegations to state a claim for violations of both these statutory sections. Notably, Plaintiff first identifies the broadcast program allegedly intercepted by Defendants ("the Program"). Compl. ¶ 16. Second, Plaintiff alleges that the interception and exhibition of the Program took place at Defendants' commercial establishment, Britannia Arms of Capitola in Capitola, California. *Id.* ¶ 19. Third, Plaintiff alleges that the interception and exhibition of the Program occurred on May 5, 2012. *Id.* ¶¶ 9-12. Fourth, Plaintiff alleges that Plaintiff was granted the exclusive nationwide commercial distribution rights to the Program. *Id.* ¶ 16. Fifth, Plaintiff alleges that Plaintiff did not authorize Defendants to publicly exhibit the Program at Defendants' commercial establishment. *Id.* ¶ 19. Sixth, Plaintiff alleges Defendants willfully intercepted the Program. *Id.* ¶ 20. Finally, Plaintiff alleges that the Program was intercepted by satellite or cable. *Id.* ¶¶ 15-29.[3] Given the specificity of these allegations, the Court finds that Plaintiff has adequately stated claims under both § 605 and § 553, as "[n]othing more is or should be required to state a claim under § 553 and § 605." *Joe Hand Promotions, Inc v. Lynch*, 822 F. Supp. 2d 803, 806 (N.D. Ill. 2008) (holding, in a case with highly similar allegations, that Plaintiffs had stated a claim under § 553 and § 605); *see also Joe Hand Promotions, Inc. v. Miola*, No. C–10–4781 CW (JCS), 2011 WL 2111802 (N.D. Cal. 2011) (holding Plaintiff had stated a claim for violation of § 605 where plaintiff had alleged that defendants were not authorized to intercept and exhibit the program at issue but did so at their commercial establishment without paying the requisite licensing fee).

Defendants' second argument similarly fails. Defendants argue Plaintiff's claims are invalid because § 605 and § 553 are "designed to stop the use of devices designed to decode

---

[3] Although the complaint does not specify whether Defendants intercepted a satellite transmission or a cable transmission, Plaintiff pleads alternative claims under § 605 and § 553. *See id*. The Federal Rules of Civil Procedure authorize such alternative claims. *See* Fed. R. Civ. P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency.").

7
Case No.: 13-CV-02008-LHK
ORDER DENYING MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND ANTI-SLAPP MOTION TO STRIKE

1  scrambled signals" but Plaintiff fails to allege that Defendants used any such descrambling device.

2  *See* Mot. at 4-5 ("If defendants' alleged receipt of the broadcast was . . . not an outright miss-

3  appropriation [sic] by a descrambler then the statutory violations do not apply."). The Court

4  acknowledges that use of a descrambler to intercept a program may be one way a defendant may

5  violate these statutory provisions. *See Zuffa LLC v. Justin.tv Inc*, 838 F.Supp.2d 1102, 1106 (D.

6  Nev. 2012) ("These statutes are targeted at cable (and satellite) service theft, generally, though not

7  exclusively, through the use of content descramblers and the like."). However, Defendants'

8  argument ignores the fact that there are ways in which a defendant may violate these statutes

9  without using a descrambling device. For example, courts have found violations of these statutes

10 where defendants purchased the program through their satellite or cable provider, but thereafter

11 exhibited the program in their commercial establishments without authorization from the exclusive

12 licensee. *See, e.g.*, *Joe Hand Promotions, Inc. v. Jorkay*, *LLC*, No. 5:10-CV-536-D, 2013 WL

13 2447867, *2 (E.D.N.C. June 5, 2013) (holding that "[a]lthough defendants purchased the event

14 from DirecTV, they do not avoid liability for broadcasting the event at their establishment without

15 the authorization of the exclusive licensee, [plaintiff]."). Thus, Plaintiff need not allege use of a

16 descrambling device in order to state a claim under § 605 and § 553.

17      Third, although Defendants' argument is not entirely clear, Defendants seem to argue that

18 Plaintiff somehow fails to state a claim because Plaintiff's exclusive right to distribute the Program

19 is in question. Mot. at 4. Defendant mentions in passing that "Plaintiff contends it has exclusive

20 'distribution' rights, but then pleads that numerous unidentified third parties have been licensed to

21 distribute the broadcast." *Id*. Later in the motion, Defendants assert that Plaintiff's distribution

22 rights are "further diluted by the apparent numerous sub-licensees across North America." *Id.* at 5.

23 Defendants' argument fails because it rests on a false factual premise by mischaracterizing the

24 allegations in the complaint. The complaint makes clear that the sublicensees were licensed by

25 Plaintiff to *exhibit*, and not *distribute*, the Program. *See* Compl. ¶ 16 ("[p]ursuant to contract,

26 [Plaintiff] was granted the exclusive commercial distribution (closed-circuit) rights to [the

27 Program]."); *id.* at ¶ 17 (alleging that Plaintiff "entered into subsequent sublicensing agreements

28 with various commercial entities . . . by which it granted these entities limited sublicensing rights,

8

Case No.: 13-CV-02008-LHK
ORDER DENYING MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND ANTI-SLAPP MOTION TO STRIKE

**United States District Court**
For the Northern District of California

1   specifically the rights to publicly exhibit the Program within their respective commercial

2   establishments . . ."). There is no factual support for Defendants' claim that the sublicensees were

3   somehow also permitted to *distribute* and sublicense the Program to other commercial

4   establishments.

5   Finally, Defendants argue that Plaintiff has not "alleged some factual basis supporting the

6   claim that [it is an] aggrieved [party]" and thus Defendants cannot ascertain whether Plaintiff has

7   standing to pursue a claim. Mot. at 5. However, as Defendants themselves concede, the standing

8   requirements of Sections 605 and 553 are "broadly worded." Mot. at 5. Those statutory

9   requirements respectively provide that "[a]ny person aggrieved by any violation of [this

10  subsection] . . . may bring a civil action in a United States district court or in any other court of

11  competent jurisdiction. . ." *See* 47 U.S.C. § 605(e)(3)(A); 47 U.S.C. § 553(c)(1). Section 605

12  more specifically defines the term "any person aggrieved" to "include any person with proprietary

13  rights in the intercepted communication by wire or radio[.]" 47 U.S.C. § 605(d)(6). Here, Plaintiff

14  alleges it has proprietary rights in the Program because it alleges it has exclusive nationwide

15  distribution rights to the Program, i.e., commercial establishments must pay fees to Plaintiff in

16  order to publicly exhibit the Program. Compl. ¶ 16. Thus, Plaintiff has provided sufficient

17  allegations to demonstrate that it is an aggrieved party within the meaning of Section 605. While

18  Section 553, in contrast to Section 605, does not define "any person aggrieved," courts routinely

19  hold, and this Court holds here as well, that a program distributor with exclusive distribution rights,

20  such as Plaintiff here, is a person "aggrieved" within the meaning of Section 553. *See e.g.*, *J&J*

21  *Sports Productions, Inc. v. Morales*, 2011 WL 6749080, at *3 (E.D. Cal. Dec. 22, 2011); *see also J*

22  *& J Sports Prods., Inc. v. Benitez,* No. 1:12–CV–00735–LJO–SMS, 2013 WL 5347547, at *3

23  (E.D.Cal. Sept. 23, 2013) (citing numerous district courts in the Ninth Circuit which have held that

24  a plaintiff's ownership of distribution or exhibition rights is sufficient to confer statutory standing

25  under both § 605 and § 553). Accordingly, the Court finds that Plaintiff has stated sufficient

factual allegations to support its claim that Plaintiff is a person aggrieved within the meaning of both § 605 and § 553.[4]

For the foregoing reasons, the Court DENIES Defendants' Motion to Dismiss Plaintiff's § 605 and § 553 claims.

### 2. Conversion and Violation of California Business and Professions Code

The Court now addresses Defendants' motion to dismiss Plaintiff's two state law claims. Plaintiff alleges a claim for common law conversion, contending that Defendants "tortuously obtained possession of the Program and wrongfully converted same for their own use and benefit." Compl. ¶ 31. Plaintiff also alleges a violation of California Business and Professions Code Section 17200 ("Section 17200"), contending that Defendants' unauthorized interception and exhibition of the Program constituted "unlawful, untrue, fraudulent, predatory, unfair, and deceptive trade practices . . ." *Id.* ¶ 40. Defendants move to dismiss these claims, arguing that the complaint is "devoid of essential factual allegations . . . to identify the nature of the wrongful acts alleged under [these] state theories []." Mot. at 4. The Court discusses each state law claim in turn and concludes that Defendant's arguments lack merit.

#### a. Conversion

Under California law, the elements of the tort of conversion are: (1) ownership or right to possession of property; (2) wrongful disposition of the property right of another; and (3) damages. *See Tyrone Pacific Int'l, Inc. v. MV Eurychili*, 658 F.2d 664, 666 (9th Cir. 1981) (citing *Hartford Financial Corp. v. Burns*, 96 Cal. App. 3d 591, 598 (1979)). Here, Plaintiff has adequately alleged facts to support each of these three elements. First, Plaintiff alleges that Plaintiff purchased exclusive rights to sublicense the Program. Compl. ¶ 16. Courts have held, and this Court does

---

[4] Defendants also suggest in their "Question Presented" Section that Plaintiff does not explain why the exceptions under § 605(b)(1) are not addressed in the complaint. Mot. at 1. This argument fails because notice pleading does not require Plaintiff to address potential defenses in its complaint. In their Reply, Defendants also assert that "§ 605 and § 553 are inconsistent statutory bases for recovery," Reply at 8, but do not provide any argument in support other than the conclusory and somewhat confusing statement that "Plaintiff pleads both, not in a proper inconsistent legal theory upon which a later election may be made, but factually inconsistent claims." *Id.* The Court finds that this argument fails to provide a sufficient basis to grant a motion to dismiss.

here as well, that possession of "a right to distribute programming" constitutes ownership of property for purposes of conversion. *See, e.g.*, *DIRECTV, Inc. v. Pahnke*, 405 F.Supp.2d 1182, 1189-90 (E.D. Cal. 2005). Second, Plaintiff alleges that Defendants did not enter into an agreement to pay Plaintiff in exchange for the right to exhibit the Program at Britannia Arms of Capitola, and exhibited the Program, thereby adequately alleging the second element, i.e., wrongful disposition of the property. *Id*. ¶ 9-12, 19. Finally, Plaintiff alleges that it incurred damages equal to the amount Defendants should have paid for the contractual right to show the Program. *Id*. ¶ 32. As such, Plaintiff has sufficiently stated a claim of conversion. *See Joe Hand Promotions Inc. v. Clifton*, 2011 WL 4500869 (E.D. Cal. 2011) (finding plaintiff had stated claim for conversion in case with highly analogous allegations). The Court is unpersuaded by Defendants' single argument in its "Question Presented" Section that this claim should be dismissed because Plaintiff fails to "describ[e] the property converted [and] the basis for the ownership rights therein . . ." Mot. at 2. The complaint specifically describes the property converted to be the Program. Compl. ¶ 31. The complaint also specifically describes the basis for the Plaintiff's ownership rights. Compl. ¶ 16. Accordingly, the Court DENIES Defendants' Motion to Dismiss the conversion claim.

### b. Violation of California Business and Professions Code § 17200

Cal. Bus. & Prof. Code § 17200 states:

> [U]nfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code. Cal. Bus. & Prof. Code § 17200.

Defendants provide no argument in support of their motion to dismiss Plaintiff's claim under § 17200, but suggest in their Question Presented section that this claim should be dismissed because Plaintiff does not "describ[e] the property converted . . . [nor] describ[e] the specific unfair business practice allegedly employed by Defendants[.]" Mot. at 2. Defendants' argument fails. First, Plaintiff has in fact described the nature of the property Defendants converted, i.e., the Program. Compl. ¶ 16. Second, Plaintiff need not describe an *unfair* business practice in order to state a claim under § 17200. Rather, to state a claim for violation of Section 17200, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair,

11

deceptive, untrue or misleading advertising.' " *Lippitt v. Raymond James Fin. Servs*, 340 F.2d 1033, 1043 (9th Cir. 2004) (quoting Cal. Bus. & Prof. Code § 17200).  There are three prongs under which a claim may be established under Section 17200: unfair competition can include any "*unlawful*, unfair, or fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200 (emphasis added); *Daro v. Superior Court*, 151 Cal. App.4th 1079, 1093 (2007) ("Because section 17200 is written in the disjunctive, a business act or practice need only meet one of the three criteria—unlawful, unfair, *or* fraudulent—to be considered unfair competition") (emphasis in original); *Lozano v. AT&T Wireless Servs.*, 504 F.3d 718, 731 (9th Cir. 2007) ("[e]ach prong ... is a separate and distinct theory of liability").  *Unlawful* business practices include "any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."  *Saunders v. Superior Court*, 27 Cal. App.4th 832, 838-39 (1994); *see also State Farm Fire & Casualty Co. v. Superior Court*, 45 Cal.App.4th 1093, 1102-03 (1996) ("Virtually any law—federal, state or local—can serve as a predicate for a section 17200 action") (abrogated on other grounds by *Cel-Tech Communications Inc. v. Los Angeles Cellular Telephone Co*, 20 Cal.4th 162, 180 (1999)).  Here, Plaintiff has alleged that Defendants engaged in an unlawful business practice, which suffices to state a claim.  This is because Plaintiff alleges that Defendants' act of intercepting and exhibiting the Program, which Plaintiff alleges violated federal law, i.e., § 605 and § 553, constituted "unlawful, untrue, fraudulent, predatory, unfair and deceptive trade practices," Compl. ¶ 40.

Furthermore, to state a claim for violation of § 17200, a plaintiff must also allege that it suffered an injury in fact and lost either money or property.  *See* Cal. Bus. & Prof. Code § 17204; *Californians for Disability Rights v. Mervyn's LLC*, 39 Cal.4th 223, 227 (2006).  Here, Plaintiff alleges such an injury by alleging that Defendants' unlicensed exhibition of the Program "permanently deprived [Plaintiff] of the patronage of current, previous, and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry, all to its severe financial injury and loss . . ."  Compl. ¶ 41.  Thus, contrary to Defendants' assertion, Plaintiff has stated a claim for a violation of California Business and Professions Code.  Accordingly, the Court DENIES Defendants' Motion to Dismiss the § 17200 claim.

### B.     Motion to Dismiss for Failure to Join a Required Party

The Court now addresses Defendants' motion to dismiss for failure to join a required party under Fed. R. Civ. P. 12(b)(7) and 19(a)(1)(B). Mot. at 2. Defendants first argue that, because Plaintiff entered into sublicensing agreements with various commercial entities, Plaintiff "contracted away their [sic] rights." Mot. at 6. Accordingly, Defendants assert that one or more of these sublicensees *may* be the proper plaintiff in this action "if [they] entered into a contract with [D]efendants to receive and/or publish the broadcast of the fight" *or* may be the proper defendant in this action "if [the sublicensee] did not take steps to enforce [their] sub-license with Defendants." *Id.* The Court finds that Defendants fail to meet their burden on this motion, and accordingly DENIES Defendants' motion to dismiss for failure to join a required party.

A motion to dismiss for failure to join an indispensable party requires the court to engage in "three successive inquiries": (1) whether the absent party is "necessary"; (2) whether it is "feasible" to join the absent, necessary party; and (3) whether the absent party is "indispensable." *EEOC v. Peabody W. Coal Co.,* 610 F.3d 1070, 1078 (9th Cir. 2010). Defendants bear the burden of persuasion in arguing for dismissal under Rule 19. *See Clinton v. Babbit,* 180 F.3d 1081, 1088 (9th Cir. 1999).

Here, Defendants fail to meet their burden because they fail to identify the specific absent required party or parties who must be joined under Rule 19. Mot. at 2, 6. Instead, Defendants merely speculate that some unnamed sublicensee *could* be the proper plaintiff or defendant in this action. *Id.* at 6 ("If it is alleged that defendants acted in some breach of the sub-license with the third party, then that party would have a claim to be separately asserted against defendants, subjecting defendants to multiple actions and inconsistent results."). Defendants fail to identify what sublicensee entered into a contract with Defendants or whether that alleged sublicensee failed to enforce its sublicense with Defendants. Without this critical identification, the Court cannot determine whether any absent party or parties must be joined pursuant to the Ninth Circuit's *EEOC* factors. *See Jercich v. County of Merced*, 1:06-CV-00232-O22-DLB, 2006 U.S. Dist. LEXIS 94030, *26 (E.D. Cal. Dec. 19, 2006) (denying motion to dismiss on Rule 19 grounds because

13
Case No.: 13-CV-02008-LHK
ORDER DENYING MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND ANTI-SLAPP MOTION TO STRIKE

1   defendant failed to identify the specific absent party required to be joined). Moreover, Defendants

2   have not produced any evidence explaining how a sublicensee could be a proper plaintiff or

3   defendant or how the nature of the interest possessed by these sublicensees will be impaired by

4   their absence in this litigation. Because Defendants do not identify any absent required party and

5   do not produce any evidence showing how a sublicensee could be a required party, Defendants

6   have failed to meet their burden. Accordingly, the Court DENIES Defendants' Motion to Dismiss

7   for Failure to Join a Required Party.

**C.   Motion for a More Definite Statement Pursuant to Rule 12(e)**

The Court now addresses Defendants' motion for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). Defendants' sole argument is that because the complaint fails to state a claim, the complaint "is therefore also subject to a request for a more definite statement." Mot. at 9.

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. Where a complaint fails to specify the allegations in a manner that provides sufficient notice, the defendant's remedy is a more definite statement under Rule 12(e). *Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002). Rule 12(e) provides for a more definite statement if a complaint is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The burden on a Rule 12(e) motion is on the moving party. *See McCain v. California Highway Patrol*, 2011 WL 3818758, *8 (E.D. Cal. Aug. 26, 2011).

Here, Defendants have not met their burden because they fail to cite any particular shortcoming of the complaint such that the Court may ascertain the specific causes of action in which more specific and definite allegations are required. In fact, Defendants do not present any argument on this point at all in the argument section of their motion. *See* Mot. at 9.[5] In their Reply

---

[5] In its "Question Presented" Section, *see* Mot. at 2, Defendants suggest that Plaintiff should be required to "describe the nature and legal basis of the ownership interest alleged" and the "specific unfair business practice" underlying Plaintiff's claim under Cal. Bus. & Prof. Code § 17200. Because the Court concludes that Plaintiff has described the nature of its ownership interest by alleging exclusive nationwide commercial distribution rights to the Program, Compl. ¶ 16, and has already held that Plaintiff's allegation of Defendants' unlawful business act, i.e., intercepting and

14
Case No.: 13-CV-02008-LHK
ORDER DENYING MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND ANTI-SLAPP MOTION TO STRIKE

brief, Defendants mention for the first time that there is an "obvious potential that the program was lawfully received [by Defendants] through one of the [Plaintiff's] sublicensees," and argue that they are thereby "entitled to a more definite statement of the claims under § 605 and § 553 [] to force plaintiff to [include] facts [regarding whether there was] an unauthorized receipt [by Defendants] and from which medium." Reply at 7. Even setting aside the fact that this argument has been waived because it was raised for the first time in Defendants' reply brief, *see U.S. v. City of Arcata*, 629 F.3d 986, 992 (9th Cir. 2010), Defendants' claim that they may have lawfully purchased the Program through a cable or satellite provider does not suffice to impose on Plaintiff the burden to allege whether Defendants obtained the Program in an illegal manner, because this Court has already held that § 605 and § 553 are strict liability offenses. *See, e.g.*, *Joe Hand Promotions, Inc. v. McInnis*, 10-CV-01614-LHK, 2011 WL 1740109, at \*7 (N.D. Cal. May 5, 2011).

Further, it is clear that Plaintiff's allegations provide more than sufficient notice to Defendants such that they can reasonably prepare a response to the complaint, as required under Rule 12(e). Plaintiff has identified the subject matter and title of the relevant broadcast, the date on which Defendants allegedly intercepted that broadcast, and the statutes which Defendants allegedly violated through engaging in this conduct. These factual allegations suffice to withstand Defendants' motion for a more definite statement. *See Joe Hand Promotions v. CaddyShanks, LLC*, No. 8:12-cv-2675-T-33AEP, 2013 WL 869527 (M.D. Fla. March 7, 2013) (rejecting motion for more definite statement in case where plaintiff had "identified the subject matter and title of the relevant broadcast, the date on which the Defendants allegedly intercepted that broadcast, and the statutes which Defendants are alleged to have violated."). Given that Rule 12(e) motions are generally "viewed with disfavor and are rarely granted," *E.E.O.C. v. Alia Corp.*, 842 F. Supp. 2d 1243, 1250 (E.D. Cal. 2012), the Court DENIES Defendants' Motion for a More Definite Statement.

---

exhibiting the Program without authorization, suffices to state a claim under § 17200, Defendants' argument fails.

### D. Motion to Strike Pursuant to Rule 12(f)(2)

Rule 12(f)(2) permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f)(2). "'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded . . . 'Impertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question." *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (citations omitted), rev'd on other grounds by *Fogerty v. Fantasy, Inc*., 510 U.S. 517 (1994). "'Redundant' allegations are those that are needlessly repetitive or wholly foreign to the issues involved in the action. *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 217 F. Supp. 2d 1028, 1033 (C.D. Cal. 2002). The Court discusses in turn each of the portions of the complaint which Defendants seek to strike.

#### 1. Allegations Pertaining to Defendant Nguyen's Individual Liability

Defendant Nguyen is an officer of Britannia Arms Pub & Restaurant, Inc. Defendants request that the allegations in the complaint pertaining to Nguyen's individual liability on all claims be stricken. *See* Mot. at 2, 7-8. Specifically, Defendants request that Paragraphs 8, 9, 10, 12, and 13 be stricken because "an individual defendant cannot be held liable for tortious conduct undertaken on behalf of an entity by mere holding of a position of responsibility." Mot. at 2n.1, 7. Defendants also contend that Paragraphs 8, 9, and 10 specifically are "irrelevant and superfluous" because "the mere holding of office is insufficient to accord personal tort liability to an officer of a corporation, [sic] there must be personal participation in the tortious conduct." Mot. at 8. The Court DENIES this motion to strike, for the reasons explained below.

The factual allegations in Paragraphs 8, 9, 10, 12 and 13 of the complaint are relevant to demonstrating how Nguyen may be held individually liable for the torts committed by Britannia Arms Pub & Restaurant. *See J&J Sports Productions, Inc. v. De La Cerda*, No. CV F 11-1896 LJO SKO, 2013 WL 5670877, *2 (E.D. Cal. Oct. 16, 2013) (citation omitted) (holding an individual may be held vicariously liable for the torts of a corporation if he or she "had a right and ability to supervise the violations, and . . . a strong financial interest in such activities."); *see also*

*J & J Sports Productions, Inc. v. Walia*, 10-5136 SC, 2011 WL 902245, *3 (N.D. Cal. 2011) (same). First, Plaintiff alleges Nguyen "is the individual specifically identified in the California Alcoholic Beverage and Control license issued for Britannia Arms of Capitola[.]" Compl. ¶ 8. Second, Plaintiff alleges that on May 5, 2012, Nguyen had the "right and ability to supervise activities of Britannia Arms of Capitola, which included the unlawful interception of the Program." *Id*. ¶¶ 9-10. Third, Plaintiff alleges that, as the license liquor holder, Nguyen had an "obvious and direct financial interest in the activities of Britannia Arms of Capitola, which included the unlawful interception of Plaintiff's Program." *Id*. ¶ 12. Finally, Plaintiff alleges that "the unlawful broadcast of Plaintiff's Program, as supervised and/or authorized by [Nguyen] resulted in increased profits for Britannia Arms of Capitola." *Id*. ¶ 13. Because these allegations are highly relevant to establishing Nguyen's individual liability, and do not appear elsewhere in the complaint, the allegations are not immaterial or redundant and thus do not warrant being stricken from the complaint under Rule 12(f). The Court further notes that Defendants' own argument is internally inconsistent. While Defendants contend that the allegations relating to Nguyen's individual liability should be stricken because "the mere holding of office is insufficient to accord personal tort liability," Mot. at 7; *see also* Reply at 8, the very allegations Defendants want stricken demonstrate that Nguyen was actively involved in the interception and exhibition of the Program by "supervis[ing]" those activities. Accordingly, the Court DENIES Defendants' Motion to Strike Paragraphs 8, 9, 10, 12 and 13 from the complaint.

**2.      Claim for Attorney's Fees Under California Code of Civil Procedure § 1021.5**

In its complaint, Plaintiff seeks attorneys' fees for enforcing Section 17200 as a private attorney general" pursuant to California Code of Civil Procedure § 1021.5.[6] Compl. ¶ 43.

---

[6] California Code of Civil Procedure § 1021.5 allows courts to "award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if: (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any." Cal. Code. Civ. P. § 1021.5.

1  Defendants request that Plaintiff's claim for attorneys' fees under § 1021.5 be stricken under Rule

2  12(f) because Plaintiff's Section 17200 claim "is the enforcement of a private right that does not

3  confer any public benefit" and thus attorney's fees are not recoverable as a matter of law.  Mot. at

4  2, 8.  However, the Ninth Circuit has unambiguously held that "Rule 12(f) does not authorize a

5  district court to strike claims for damages on the ground that such claims are precluded as a matter

6  of law." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974-75 (9th Cir. 2010).  Following

7  *Whittlestone*, courts in this district, including this Court, have previously denied Rule 12(f) motions

8  to strike claims for attorneys' fees under California Code of Civil Procedure § 1021.5.  *See Ferretti*

9  *v. Pfizer, Inc.*, 855 F. Supp. 2d 1017, 1029 (N.D. Cal. 2012); *Jajco, Inc. v. Leader Drug Stores,*

10  *Inc.*, No. C 12-05703 PJH, 2013 U.S. Dist. LEXIS 77830, *27 (N.D. Cal. May 31, 2013).

11  Accordingly, here, the Court DENIES Defendants' Rule 12(f) Motion to Strike Plaintiff's claim for

12  attorneys' fees under California Code of Civil Procedure § 1021.5.

13      **E.**    **Anti-SLAPP Motion to Strike**

14  Defendants move to strike Plaintiff's state law claims—for conversion and violation of

15  California Business and Professions Code § 17200—pursuant to California's anti-SLAPP statute.

16  Mot. at 6-7.  *Hilton v. Hallmark Cards*, 599 F.3d 894, 901 (9th Cir. 2010) ("[A] federal court can

17  only entertain anti-SLAPP special motions to strike in connection with state law claims.").

18  In considering an anti-SLAPP motion, the moving defendant must make a prima facie

19  showing that the plaintiff's suit arises from protected activity—specifically, an act in furtherance of

20  the defendant's constitutional right of petition or free speech.  *See Makaeff v. Trump Univ., LLC*,

21  715 F.3d 254, 261 (9th Cir. 2013) (citing *Batzel v. Smith*, 333 F.3d 1018, 1024 (9th Cir. 2003)).

22  The burden then shifts to the plaintiff to establish a reasonable probability that it will prevail on its

23  claim in order for that claim to survive dismissal.  *See id.* (citing *Gilbert v. Sykes*, 147 Cal. App.

24  4th 13, 22, 53 Cal. Rptr. 3d 752 (2007)).  If the moving party fails to carry its initial burden, the

25  anti-SLAPP motion must be denied.  *Martinez v. Metabolife Int'l, Inc.*, 113 Cal. App. 4th 181, 186

26  (2003).

27  In this case, even construing the anti-SLAPP statute broadly as Defendants urge this Court

28  to do, *see* Reply at 4, Defendants have failed to meet their initial burden of making a prima facie

18
Case No.: 13-CV-02008-LHK
ORDER DENYING MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND ANTI-SLAPP MOTION TO STRIKE

showing that Plaintiff's lawsuit arises from Defendants' protected activity.  While Defendants generally assert that "the [c]omplaint here clearly involves the First Amendment rights to speech and publication of ideas and matters of public interest, i.e. a professional sporting event," Mot. at 6, Defendants do not provide any authority or argument in support of the notion that interception and exhibition of professional sporting events—such as the Program—in a commercial establishment constitutes protected activity.  Nor do Defendants articulate, as Ninth Circuit law unambiguously requires, how their interception and exhibition of the Program was done *in furtherance* of Defendants' constitutional right of petition or free speech.  *Makaeff,* 715 F.3d at 261.  While Defendants cite *DVD Copy Control Ass'n, Inc. v. Bunner*, 31 Cal.4th 864, 877-78 (2003), Defendants do not articulate how *DVD Copy* supports their assertion.[7]  Because Defendants have failed to meet their initial burden, the Court need not reach whether Plaintiff has demonstrated a probability of success on the merits.  *See A.F. Brown Electrical Contractor, Inc. v. Rhino Electric Supply, Inc.*, 137 Cal. App.4th  1118, 1130 (2006) (noting that because defendants failed to meet their initial burden, the court did not have to reach whether plaintiff demonstrated a probability of success on his claim).  Accordingly, the Court DENIES Defendants' anti-SLAPP Motion to Strike Plaintiff's state law claims.

## IV. CONCLUSION

For the reasons stated above, the Court:

(1) DENIES Defendants' Motion to Dismiss pursuant to Rules 12(b)(6), 12(b)(7), and 19;

(2) DENIES Defendants' Motion for a More Definite Statement pursuant to Rule 12(e);

(3) DENIES Defendants' Motion to Strike pursuant to Rule 12(f); and

(4) DENIES Defendants' Motion to Strike State Law Claims pursuant to California's Anti-SLAPP statute.

**IT IS SO ORDERED.**

Dated: January 7, 2014    _____
                          Lucy H. Koh

---

[7] In any event, *DVD Copy* is clearly distinguishable from the instant case, as *DVD Copy* is not an anti-SLAPP case and did not concern the interception and publication of a broadcast like in the instant case, but rather upheld an injunction entered against the dissemination of computer code.

LUCY H. KOH
United States District Judge

20

Case No.: 13-CV-02008-LHK
ORDER DENYING MOTION TO DISMISS, MOTION FOR A MORE DEFINITE STATEMENT, MOTION TO STRIKE, AND ANTI-SLAPP MOTION TO STRIKE